Kelly Christine Albright
Jones Day
3161 Michelson Drive Suite 800
Irvine, CA 92612
949-851-3939
kalbright@jonesday.com
Lead Attorney – Experian

Benjamin A. West, Bar No. 338727
bwest@fbtlaw.com
FROST BROWN TODD, LLC
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 580-8623
Fax: (214) 545-3473
Counsel for Defendant - ECMC

Jennifer Rebecca Brooks
Seyfarth Shaw LLP
700 Milam Street Suite 1400
Houston, TX 77002-2812
713-238-1854
Jrbrooks@seyfarth.com
Lead Attorney – Equifax

Sean Owens
thelaawcenter@gmail.com
1055 West 7th Street, 33rd Floor
Los Angeles, CA 90017
Telephone:   323.412.8516
Facsimile:   None
*Pro Per*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SEAN OWENS,<br><br>*Plaintiff,*<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>**EQUIFAX INFORMATION SERVICES, LLC,**<br><br>**EDUCATIONAL CREDIT MANAGEMENT CORPORATION** (agent of ECMC Group).<br><br>*Defendants.* | **Case No.** 8:22-cv-01601-FWS-JDEx<br><br>JURY TRIAL DEMANDED |

**RULE 26(f) JOINT CONFERENCE REPORT**

Pursuant to Federal Rules of Civil Procedure 26(f) and the Court's October 26, 2022 Order setting the scheduling conference for December 15, 2022, (ECF. #24), the parties met on November 18, 2022 at 2:00pm CST to discuss matters for the Court's information and consideration. In the conference, Sean Owens ("Plaintiff") appeared Pro Se, and the following Defendants were present during the meeting via conference call:

1.   Experian Information Solutions, Inc. ("Experian") represented by attorney of record, Kelly Albright,

2.   Equifax Information Services, LLC ("Equifax") represented by attorney of record, Jennifer Brooks, and

3.   Educational Credit Management Corporation ("ECMC") represented by attorney of record, Benjamin West.

In accordance with the Order, the parties state the following:

**1.   A Brief Factual and Legal Synopsis of the Case**.

**Plaintiff:**   This case involves claims of violations under the "Fair Credit Reporting Act" (FCRA), 15 U.S.C. §§1681 et seq., the "Fair Debt Collection Practices Act" (FDCPA), §§1692 et seq., the "Telephone Consumer Protections Act" (TCPA), 47 U.S. Code §§ 227 et seq., and Fed. R. Civ. P. 9(b) et seq. Plaintiff contends Defendants negligently and willfully furnished and reported re-aged, inaccurate, erroneous and falsely fabricated information that antedated the plaintiff's credit reports by more than what lawful limitations allow.  Plaintiff is seeking actual damages, punitive damages, costs, reasonable attorney's fees, and statutory damages for each and every violation, pre-judgment, and post-judgment interest as provided by law, and an order enjoining Defendants from further violations. All prayer for relief is pursuant to relevant statutes as enumerated in Plaintiff's First Amended Complaint. (See ECF. #13, at *22-23).

**Defendant Experian:**   Experian is a consumer reporting agency as that term is defined at 15 U.S.C. § 1681a(f). Experian denies Plaintiff's claims and denies that it has violated the FCRA. At all relevant times, Experian maintained reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff. Experian also followed its obligations under 1681(i) regarding reasonable reinvestigation. Experian denies that it has caused any damage to Plaintiff, and it denies that Plaintiff is entitled to any of the relief sought in the Complaint. Experian further denies that Plaintiff can support a claim for punitive damages or recovery of attorneys' fees in this action. Experian bases this statement on the facts and information currently available to it.  In making this statement, Experian does not waive any defenses it has asserted in response to Plaintiff's Complaint, and because discovery has not yet commenced, Experian respectfully reserves the right to supplement its summary if necessary as this case and the facts develop.

**Defendant Equifax:**   Subject to the Defendants' Joint Motion to Dismiss, Equifax denies that it has violated the FCRA, FDCPA, or TCPA. Equifax states that at all relevant times herein, Equifax maintained reasonable procedures to assure the maximum possible accuracy in its credit reporting concerning Plaintiff in accordance with the FCRA.  Equifax has complied with the FCRA and any other applicable laws in its handling of Plaintiff's credit file, including responding to any disputes

Plaintiff submitted to Equifax. Equifax denies that it is liable to Plaintiff, denies that Plaintiff has been damaged, and denies that it proximately caused Plaintiff to suffer any damages.

**Defendant ECMC:** Subject to the Defendants' Joint Motion to Dismiss, ECMC denies that it has violated the FCRA, FDCPA, or TCPA as alleged, or that it is responsible for any act or omission that would make the Fed. R. Civ. P. 9(b) pleading standard relevant. ECMC has fully performed its duties under the FCRA and FDCPA. ECMC has taken all appropriate action regarding Plaintiff's claims, including thoroughly investigating Plaintiff's disputes and deleting or blocking any erroneous, inaccurate, or outdated credit file information. ECMC has not acted willfully, negligently, or in violation of 15 U.S.C. § 1681s-2(b) or 15 U.S.C. § 1692c, and any alleged damages sustained by Plaintiff were not the result of ECMC's actions. This statement is based on the information presently available to ECMC at this early stage in the litigation. ECMC does not have knowledge of facts or documents in the possession and control of Plaintiff, Equifax, and Experian. By providing this statement, ECMC does not waive any defenses and reserves the right to amend, supplement, or change the facts in this statement if and when additional and different, or more accurate information and/or documents become available and/or additional facts are developed.

**2.    The Jurisdictional Basis for this Suit.**

This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and U.S.C. §1681(p), because Plaintiff asserts causes of action that arise under the "Fair Credit Reporting Act" (FCRA), 15 U.S.C. §§1681 et seq., the "Fair Debt Collection Practices Act" (FDCPA), §§1692 et seq., the "Telephone Consumer Protections Act" (TCPA), 47 U.S. Code §§ 227 et seq., and Fed. R. Civ. P. 9(b) et seq which are all federal statutes. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims of the plaintiff occurred within this Court's jurisdiction. Supplemental Jurisdiction of this Court is conferred by 28 U.S.C. § 1367(a). Additionally, because Defendants conduct business within the state of California, they are considered residents based on each of their minimum contacts being sufficient to subject all Defendants to the personal jurisdiction of this Court as conferred by 28 U.S.C. §1391(d), and §1391(c)(2).

**3.    Legal Issues.**

**Plaintiff:** The key legal issues in this case are centered on alleged violations of the FCRA, FDCPA, TCPA, and the Fed. R. Civ. P. 9(b). Such violations of the specified statutes consist of consumer information that was transmitted in the form of credit files by the defendant credit furnisher (ECMC) to the defendant credit reporting agencies Experian and Equifax ("CRAs") and subsequently published to third parties. The information being transmitted, published, and republished was false, inaccurate, erroneous, fraudulently contrived and the defendants did so both negligently, willfully and with malicious intent.

**Defendant Experian:** Defendant Experian defers to its answer in Section 1, "A Brief Factual and Legal Synopsis of the Case."

**Defendant Equifax:** To the extent the Court does not dismiss this case for the reasons identified in Defendants' Joint Motion to Dismiss, Equifax identifies the following key legal issues:

(1)Whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (2) Whether any reinvestigation conducted by

Equifax violated the FCRA; (3) Whether Plaintiff has met his burden of proving a claim against Equifax for negligent noncompliance with the FCRA or any other applicable laws; (4) Whether Plaintiff has met his burden of proving a claim against Equifax for willful noncompliance with the FCRA; (5) Whether Plaintiff suffered any damages proximately caused by any action or inaction of Equifax; (6) Whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs, and/or fees) from Defendant; (7) Whether any damages suffered by Plaintiff were caused in whole or in part by a third party, an intervening or superseding cause, and/or the actions of Plaintiff himself; and (8) Whether Plaintiff failed to mitigate his alleged damages.

**Defendant ECMC:** Subject to the Defendants' Joint Motion to Dismiss, ECMC denies that it has violated the FCRA, FDCPA, or TCPA as alleged, or that it is responsible for any act or omission that would make the Fed. R. Civ. P. 9(b) pleading standard relevant. ECMC has fully performed its duties under the FCRA and FDCPA. ECMC has taken all appropriate action regarding Plaintiff's claims, including thoroughly investigating Plaintiff's disputes and deleting or blocking any erroneous, inaccurate, or outdated credit file information. ECMC has not acted willfully, negligently, or in violation of 15 U.S.C. § 1681s-2(b) or 15 U.S.C. § 1692c, and any alleged damages sustained by Plaintiff were not the result of ECMC's actions. By providing this statement, ECMC does not waive any defenses and reserves the right to amend, supplement, or change the facts in this statement if and when additional and different, or more accurate information and/or documents become available and/or additional facts are developed.

4. **Damages.**

The realistic range of damages consist of damages as enumerated within Plaintiff's FAC. (See ECF. #13, at *22-23). If this case does not settle and proceeds to trial, and if the jury finds in Plaintiff's favor an award of punitive damages, such an amount cannot be realistically determined at this point but will be assumed to adhere to a proportionate ratio that is relative and reasonable to/with other similar cases based on the same or similar violations under the requisite statutes that allow for damages as stated herein. However, calculable damages for violations under the respective statutes in the form of compensatory damages, pain and suffering, attorney fees if applicable, and statutory damages may range between $175,000 and exceeding $250,000 based on the quantitative number of violations as discovered for the TCPA which allows for treble damages if the defendants actions are deemed *willful*. (47 U.S. Code § 227(b)(3)(C)).

5. **Parties and Evidence.**

    A.    **The Parties**

**Plaintiff:**             Plaintiff's correct name is Sean Owens.

**Defendant Equifax:**     Equifax's correct name is Equifax Information Services, LLC

**Defendant Experian:**    Experian's correct name is Experian Information Solutions, Inc.

**Defendant ECMC:**        ECMC's correct name is Educational Credit Management Corporation.

B. **Evidence**

**Plaintiff**: Evidence for the plaintiff will be based on consumer credit reports, written correspondence between the parties obtained prior to this civil suit, documentation acquired during discovery, and other related information.

**Defendant Equifax:**  Should Defendants' Joint Motion to Dismiss not be granted, Equifax anticipates requesting written and paper discovery from Plaintiff, including documents relating to any credit denials or other documents/authorizations to obtain all evidence concerning damages alleged, dispute-related documents, or any other documents Plaintiff possesses in support of his claim. Equifax also anticipates conducting full discovery on the allegations in Plaintiff's Complaint, any communications between Plaintiff and any creditors (potential or current) concerning the disputed tradelines.  Equifax anticipates conducting the deposition of Plaintiff, any necessary third-party discovery, including any necessary third-party depositions and third-party paper discovery, individuals identified in Plaintiff's initial disclosures, and/or other individuals with knowledge related to the claims and defenses in this matter that will be identified in discovery.

**Defendant Experian:**  Should Defendants' Joint Motion to Dismiss not be granted, Experian anticipates participating in discovery regarding Plaintiff's claims and Defendants' defenses. In addition to anticipating written discovery with the Plaintiff, Experian anticipates taking the deposition of Plaintiff and any other witness identified by any party in this action, or any other individuals or entities identified through discovery may possess information relative to Plaintiffs claims and alleged damages or Defendants' defenses. Experian's evidence will be based on the information and documents obtained in discovery.

**Defendant ECMC:**  Should Defendants' Joint Motion to Dismiss not be granted, ECMC anticipates taking discovery regarding Plaintiff's claims and Defendants' defenses, including deposing Plaintiff and any other witness identified by any party in this action, or any other individuals or entities identified through discovery that may possess information relative to Plaintiffs claims and alleged damages or Defendants' defenses. ECMC's evidence will be based on the information and documents obtained in discovery.

C. **Witnesses**

**Plaintiff:** There is the likelihood that Plaintiff may obtain witness testimony or statements from congressional members and/or written testimony from the Consumer Financial Protection Bureau (CFPB). Such members or representatives have not been identified yet.

**Defendant Equifax:**  A designated representative of Equifax:

- Any entity with whom Plaintiff alleges to have applied for credit, employment, or insurance. These individuals may have knowledge of the facts at issue in this case regarding account(s) and/or any adverse actions. Name(s) and address(es) presently unknown;
- Any other party to this lawsuit;
- Any witness identified by any other party to this lawsuit.

**Defendant Experian:**  Experian anticipates designating an appropriate representative or

representatives to testify as a witness on Experian's behalf. Experian's witness (or potential witnesses) has not been identified at this time. Experian will keep initial disclosures updated to account for any potential witness it plans to call at trial.

**Defendant** ECMC:  ECMC anticipates designating the appropriate ECMC individual or individuals to testify as a witness on ECMC's behalf. Such individual(s) have not been identified yet. ECMC further anticipates witness testimony from Plaintiff and from any other witness identified by any other party.

### 6. Insurance.

**Defendant Equifax:**  Equifax is self-insured in this matter.

**Defendant Experian:**  Not applicable.

**Defendant ECMC:**  Not applicable.

### 7. Manual for Complex Litigation.

This case does not or will not require a manual for complex litigation.

### 8. Motions.

**Plaintiff**: Plaintiff does not anticipate adding any more parties or claims. Plaintiff retains the right to file motions that are typically anticipated during the pendency of this case, and the plaintiff will be allowed to amend pleadings with leave of the court as per Fed. R. Civ. P. 15(a).

**Defendant** Equifax:  Equifax reserves the right to file motions that are typically anticipated during the pendency of this case, including, but not limited to, dispositive motions, discovery motions (if necessary), and pretrial motions in limine.

**Defendant** Experian:  Experian reserves the right to file motions that are typically anticipated during the pendency of this case, including, but not limited to, dispositive motions, discovery motions (if necessary), and pretrial motions in limine.

**Defendant** ECMC:  ECMC reserves the right to file motions that are typically anticipated during the pendency of this case, including, but not limited to, dispositive motions, discovery motions (if necessary), and pretrial motions in limine.

### 9. Dispositive Motions.

**Plaintiff** – Plaintiff retains the right to file dispositive motions. If the plaintiff files a Rule 56 summary judgment motion, the claims brought forth will be based on the same claims presented in the operative First Amended Complaint. (See ECF. #13, at *1, 11-22).

**Defendant Equifax**: Equifax will be able to show that it is not liable, and that Plaintiff is not entitled to relief through pretrial motion practice and therefore plans to move for summary judgment following discovery.

**Defendant Experian:** Defendants filed a Joint Motion to Dismiss which is pending before the Court. ECMC reserves the right to file additional dispositive motions pending the resolution of the current Joint Motion to Dismiss.

**Defendant ECMC:** Defendants filed a Joint Motion to Dismiss which is pending before the Court. ECMC reserves the right to file additional dispositive motions pending the resolution of the current Joint Motion to Dismiss.

**10.  Status of Discovery.**

This joint conference report constitutes the initial phase of discovery for this civil case. The parties have collectively discussed via live telecommunications the individual elements pertained herein. Currently there are no disputes related to discovery between Plaintiff and Defendants. However, it may be anticipated that disputes may arise during the pendency of discovery related to the exchange of documents from the defendants that may be deemed *protected* or *confidential.*

**11.  Discovery Plan.**

**A.  Should Any Changes in the Disclosures Under Federal Rule of Civil Procedure 26(A) Be Made?**

The parties agree that no changes should be made in the disclosures required under Fed. R. Civ. P. 26(A) apart from the default deadline. The parties agree that the deadline to exchange initial disclosures will be December 14, 2022. However, Plaintiff will file his initial disclosures by December 2, 2022.

**B.  Subjects on Which Discovery May Be Needed**

The parties anticipate taking discovery regarding Plaintiff's claims and Defendants defenses. Pursuant to the scheduling timeframe provided by the Court, the parties propose different discovery deadlines. Plaintiff proposes a discovery deadline of May 31, 2023; Defendants jointly propose a discovery deadline of September 15, 2023. The parties do not believe discovery should be limited or conducted in phases.

**C. Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI.**

The parties are unaware of any issues relating to the discovery of ESI and have agreed to make initial disclosures and subsequent production(s), where applicable, in hard copy or electronically in .pdf format. The parties do not anticipate any ESI preservation issues. Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case. Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.

**D. Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a**

**protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the court for entry of a protective order. Unless a request is made for modification, the court will use the form found on the Eastern District website.**

The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**E.  Whether any other orders should be entered by the court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

The parties do not believe that any other orders are required under Rules 16 or 26. However, as stated above, the parties anticipate submitting a proposed agreed protective order.

**12.  Discovery Cutoff.**

The parties propose different discovery deadlines. Plaintiff proposes a discovery deadline of May 31, 2023; Defendants jointly propose a discovery deadline of September 15, 2023.

**13.  Expert Discovery** - Proposed dates for initial and rebuttal expert witness disclosures and expert discovery cutoff under Federal Rule of Civil Procedure 26(a)(2).

**14.  Settlement Conference and Alternative Dispute Resolution ("ADR")**

No settlement discussions have occurred between the parties as of the date of filing this joint report. It is anticipated that all parties will engage in settlement discussions, whether with a third party or by utilizing this Court's ADR process. The defendants propose a Court Mediation Panel as their only preference. However, the plaintiff's first preference for mediation is a Court Mediation Panel, and private mediation as a second preference to avoid time/scheduling conflicts and to expedite this case accordingly.

**15.  Trial Estimate.**

The parties estimate that trial will take 2-3 days. Plaintiff has requested a trial by jury. The number of witnesses that Plaintiff may call upon at trial is undetermined at this moment.

**16.  Trial Counsel.**

**Plaintiff**: The plaintiff will retain counsel in advance if there is a trial.

**Defendant Equifax:**  Equifax currently anticipates that Jennifer Brooks will serve as lead trial counsel.

**Defendant Experian:** In the event that the Defendants' Joint Motion to Dismiss is not granted and this case proceeds to trial, Kelly Albright will appear on behalf of Experian. Additional counsel may also appear on behalf of Experian, and appearances with the Court will be filed accordingly.

**Defendant ECMC:** Benjamin A. West will appear on behalf of ECMC. Additional counsel may appear on behalf of ECMC in the event that the Defendants' Joint Motion to Dismiss is not granted.

### 17. Magistrate Judge.

Excluding matters already established by this Court that the Magistrate is authorized to hear (i.e., Discovery), the parties do not consent to having this case tried before a Magistrate Judge for trial. If, for the sake of proceedings being efficiently administered to stay on target according to the scheduling order and in the best interest of this Court's docket, the parties may reconsider and mutually agree to have this case tried before the assigned Magistrate.

### 18. Independent Expert or Master.

The parties do not anticipate the need for an independent arbiter or master.

### 19. Initial Mandatory Disclosures Required by Rule 26(a)(1).

Defendants agreed to file their initial disclosures by December 8, 2023.

### 20. Worksheet.

See Worksheet attached hereto as Exhibit 1, to which the parties have agreed.

Respectfully submitted,

/s/ *Sean Owens*          Dated: December 01, 2022
Sean Owens
Plaintiff in Pro Per

/s/ Kelly Christine Albright     Dated: December 01, 2022
Kelly Christine Albright
Jones Day
3161 Michelson Drive Suite 800
Irvine, CA 92612
949-851-3939
kalbright@jonesday.com
*Lead Attorney* – Experian

/s/   Jennifer Rebecca Brooks                    Dated:  December 01, 2022
Jennifer Rebecca Brooks
Seyfarth Shaw LLP
700 Milam Street Suite 1400
Houston, TX 77002-2812
713-238-1854
Jrbrooks@seyfarth.com
*Lead Attorney* – Equifax

/s/   Benjamin A. West                            Dated:  December 01, 2022
Benjamin A. West
Frost Brown Todd LLC
2021 Cedar Springs Road, Suite 900
Dallas, TX 75201
214-545-3472
bwest@fbtlaw.com
*Lead Attorney* – ECMC

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, the foregoing document was filed with the Clerk of the Court and served upon the defendants. Such filing will electronically transmit copies of the foregoing document to all Defendants and Parties registered and using the Pacer CM/ECF system.

/s/ *Sean Owens*                                   Dated:  December 1, 2022
Sean Owens