IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SEAN OWENS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| EXPERIAN INFORMATION § | |
| SOLUTIONS INC., § | |
| § | Case No. 4:23-cv-00079-SDJ-KPJ |
| EQUIFAX INFORMATION § | |
| SERVICES, LLC, § | |
| § | |
| EDUCATIONAL CREDIT § | |
| MANAGEMENT CORPORATION § | |
| *(agent of ECMC Group)* § | |
| § | |
| Defendants. § | |

**DEFENDANTS' JOINT MOTION FOR PROTECTION OR ALTERNATIVELY,
MOTION TO QUASH DISCOVERY**

Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Experian"), and Educational Credit Management Corporation ("ECMC") (collectively, "Defendants") file this Joint Motion for Protection or Alternatively, Motion to Quash Discovery ("Motion for Protection") in accordance with Federal Rules of Civil Procedure 26(b)(2) and 26(c). In support of this Motion for Protection, Defendants respectfully show as follows:

**I.       PRELIMINARY STATEMENT**

This case was previously on file in the United States District Court for the Central District of California, in a case styled *Sean Owens v. Experian Information Solutions, Inc. et al.*, Civil Action No. 8:22-cv-01601-FWS-JDW (the "California action"). Plaintiff Sean Owens ("Plaintiff") initiated the California action against Defendants, alleging violations of the Fair

Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and FED. R. CIV. P. 9(b).  The matter was transferred to this Court pursuant to the first-to-file rule because two years prior, Plaintiff filed a nearly identical lawsuit against Defendants, also alleging violations of the FCRA, FDCPA and the TCPA, in the Eastern District of Texas, in a case styled *Owens v. Trans Union, LLC, et al.*, Civil Action No. 4:20-cv-665-SDJ-KPJ (the "Texas action").[1]  Following the transfer, Defendants filed a Joint Motion to Stay Action Pending Final Judgment in the Prior Related Action, which is pending before the Court.  *See* ECF No. 37.

Prior to the transfer of the California action, Plaintiff served discovery on all Defendants. Defendants' deadline to respond to Plaintiff's discovery requests is February 24, 2023 for ECMC and February 27, 2023 for Equifax and Experian.  The discovery sought by Plaintiff, however, is substantially similar, if not nearly identical, to discovery previously propounded by Plaintiff in the Texas action.  Notably, discovery is stayed in the Texas action pending final rulings on various dispositive motions filed and pending before this Court.[2]  Plaintiff should not be able to circumvent the Magistrate Judge's previous ruling granting a stay of discovery in the Texas action by filing an identical lawsuit in a separate forum and propounding the same discovery previously served and stayed.

Defendants thus request a protective order quashing the cumulative and duplicative discovery propounded by Plaintiff.  *See* FED. R. CIV. P. 26(b)(2)(c).  Alternatively, Defendants

---

[1] The Central District Court granted Defendants' Joint Motion to Dismiss, or in the Alternative, Motion to Stay (ECF No. 19) and transferred the California action to this Court on January 31, 2023.  *See* ECF No. 32 and 33.

[2] Discovery was stayed on May 17, 2022, pending the Eastern District of Texas' ruling on Defendant ECMC's and non-party Navient Solutions, LLC's motions to dismiss.  *See* Texas action, ECF No. 163.  On September 9, 2022, the Magistrate Judge in the Eastern District of Texas issued an Order and Report and Recommendation, granting in part and dismissing in part the motions to dismiss.  *See* Texas action, ECF No. 193.  The Eastern District of Texas has not yet entered its final ruling on the Magistrate Judge's Report and Recommendation, and therefore discovery currently remains stayed in the Eastern District of Texas case.

request that this Court limit discovery and require that Plaintiff propound only discovery requests that do not duplicate—either in substance or in form—any discovery previously served on Defendants in the Texas action. *See* FED. R. CIV. P. 26(c).

## II.     ARGUMENT AND AUTHORITIES

Under Federal Rule of Civil Procedure 26(c), the Court has broad discretion to protect a party with a protective order on a showing of good cause. FED. R. CIV. P. 26(c)(1). For example, the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *Id*. "Good cause" may also exist if (1) the discovery is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the person seeking discovery has had ample opportunity already to obtain the information sought; or (3) the burden or expense of taking discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(C). In issuing the protective order, the Court may forbid the discovery sought, forbid inquiry into certain matters, and otherwise limit the scope of proper discovery. FED. R. CIV. P. 26(c); *see also Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).

Defendants would show that good cause exists to enter a protective order in the instant proceeding because (1) Plaintiff's discovery is unreasonably cumulative and/or duplicative to discovery previously propounded by Plaintiff and thus, can be obtained from a more convenient, less burdensome, and less expensive source—*i.e.*, the Texas action, and (2) permitting the discovery sought by Plaintiff would circumvent the Magistrate Judge's ruling granting a stay of discovery in the Texas action, causing undue burden and expense on the parties and contravening the scope and spirit of discovery under the Federal Rules of Civil Procedure.

A.   **The discovery is cumulative and duplicative of discovery already sought by Plaintiff and can be obtained from a more convenient, less burdensome, and less expensive source.**

Federal Rule of Civil Procedure 26 allows a party to discover "nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(c). However, that right is not without limits. *See* Fed. R. Civ. P. 26(b)(2)(C). Rule 26(b)(2)(C) provides that limitations are necessary and required where the discovery sought is unreasonably cumulative and/or duplicative, can be obtained from some other source that is more convenient, less burdensome, or less expensive, or where the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*

There is no question that the burden and expense of responding to the pending discovery outweigh its likely benefit because most of the discovery requests are cumulative and duplicative of discovery propounded by Plaintiff in the Texas action. Both sets of requests seek information and documentation related to sixteen (16) student loans taken out by Plaintiff and allegedly mishandled and misreported by Defendants. For example, Plaintiff's Requests for Production served on ECMC in *both actions* seek copies of all documents related to the "assignment, reassignment, acquisition, purchase, or transfer" ("ARAPT") of the sixteen (16) student loans that are subject of this civil suit from the original creditor, CitiBank . . ." *See* attached **Exhibit A,** at RFP No. 1. The Requests also seek copies of ECMC's consumer dispute process, including all relevant documents, manuals, or written policies. *See id.* at RFP No. 2. Similarly, Plaintiff's Requests for Production served on Equifax in both actions seek copies of all documents "that Equifax transmitted or submitted electronically or sent in hard copy form to the defendant furnishers in an attempt to resolve Plaintiff's consumer disputes." *See* attached **Exhibit B**, at RFP

No. 1.  The parallel between the discovery sought in the California action and the Texas action permeates throughout the remainder of Plaintiff's Requests.[3]

The duplication between the discovery in the California action and Texas action indicate that (1) the discovery sought is unreasonably cumulative and duplicative, and can be obtained from some other source that is more convenient, less burdensome, or less expensive—namely, Plaintiff's prior discovery requests and Defendants' responses in the Texas action, and (2) that the burden and expense of making sense of and responding to the recent pending discovery outweighs its likely benefit, considering its cumulative and duplicative content and nature.

**B.     The purpose of Plaintiff's requests appears to circumvent the Texas action's stay of discovery and cause undue burden and expense.**

As described above, much of the discovery sought by Plaintiff does not request new or previously unknown information.  Indeed, many of the requests duplicate prior requests and/or refer to allegations that have been present in the Texas action since the case commenced in September 2020.[4]  This information was already inquired into in the Texas action through Plaintiff's previous discovery.

The duplication of Plaintiff's requests evidences an underlying purpose to circumvent the Magistrate Judge's ruling granting a stay of discovery in the Texas action and to cause undue burden and expense on Defendants and this Court.  Consequently, an order under Rule 26(c) quashing or limiting the pending discovery in this proceeding is necessary to protect Defendants from Plaintiff's unfair discovery practices and tactics. *See* FED. R. CIV. P. 26(c).

Additionally, Rule 33(a)(1) states "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete

---

[3] The same is true for the discovery served on all Defendants.
[4] For example, the first six interrogatories served on Defendant ECMC are nearly identical to the interrogatories served in the Texas action, and sixteen (16) out of the twenty-four (24) are substantially the same.  *See* **Exhibit C.**

subparts." FED. R. CIV. P. 33(a)(1).  In Plaintiff's prior pending Texas action, Plaintiff already served the maximum number of interrogatories allotted by Rule 33.  By filing a duplicative case and pursuing additional discovery, Plaintiff is not only circumventing the current stay in discovery in the prior pending action but is also improperly forcing Defendants to respond to duplicative discovery beyond the limits imposed by Rule 33.

### III.   REQUEST FOR COSTS

Pursuant to Federal Rule of Civil Procedure 16(f), Defendants would respectfully ask this Court to order Plaintiff to pay the costs of the preparation of Defendants' Motion for Protection. Rule 16(f)(1)(C) provides that the Court may, on motion or on its own, issue any just orders if a party or its attorney fails to obey a scheduling or other pretrial order.  *See* FED. R. CIV. P. 16(f)(1)(C).  Such orders by the Court may include the payment of reasonable expenses, including attorneys' fees, incurred because of a party's noncompliance with this rule.  *See* FED. R. CIV. P. 16(f)(2).

As Defendants have addressed above, Plaintiff's insistence on duplicative discovery appears to improperly circumvent the Magistrate Judge's ruling granting a stay of discovery in the Texas action by filing a nearly identical lawsuit in a separate forum and propounding substantially the same discovery previously stayed by the Magistrate Judge.  Defendants have met their burden to show good cause exists for issuance of a protective order as Plaintiff's requests were brought only for the purpose of seeking duplicative discovery from Defendants, causing undue burden and expense on the parties and this Court, and ultimately, circumventing the stay of discovery in the Texas action.  Defendants thus request that costs be assessed against Plaintiff for his improper discovery requests, including the costs incurred by Defendants to bring forth this Motion for a protective order.

## IV.  CONCLUSION AND PRAYER

Without a protective order limiting discovery, Defendants will be subject to the undue burden of responding to duplicative, cumulative discovery that has already been propounded and stayed by this Court.  In view of the good cause shown, Defendants respectfully request that the Court grant their Motion for Protection and issue a Protective Order finding that:

1. The discovery sought is unreasonably cumulative or duplicative, and/or that the discovery can be obtained from another source that is more convenient, less burdensome, or less expensive;

2. The burden or expense of the proposed discovery outweighs its likely benefit;

3. Defendants' Motion for Protection or Alternatively, Motion to Quash is granted or, in the alternative, the discovery sought should be limited to only discovery requests that do not duplicate any discovery previously served on Defendants in the related Texas action; and

4. Defendants' attorneys' fees and costs incurred in filing the present Motion for Protection should be assessed against Plaintiff.

Defendants further respectfully request such other and further relief, at law and in equity, as the Court may deem just and appropriate.

Respectfully submitted,

*/s/ Mark A. Platt*
**MARK A. PLATT**
State Bar No. 00791453
mplatt@fbtlaw.com
**SARAH M. SMITH**
Texas Bar No. 24115049
E-mail: smsmith@fbtlaw.com
**FROST BROWN TODD LLP**
Rosewood Court
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
(214) 580-5852 Telephone
(214) 545-3473 Facsimile

*Attorneys For Defendant*
*Educational Credit Management Corporation*


*/s/ Forrest M. "Teo" Seger, III (with permission)*
**FORREST M. "TEO" SEGER, III**
Texas Bar No. 24070587
teo.seger@clarkhillstrasburger.com
**CLARK HILL STRASBURGER**
2301 Broadway
San Antonio, TX 78215
(210) 250-6162
(210) 250-6100 Fax
*Counsel for Equifax Information Services LLC*


*/s/ Julia N. Camp (with permission)*
**JULIA N. CAMP**
Texas Bar No. 24123598
juliacamp@jonesday.com
**JONES DAY**
717 Texas, Suite 3300
Houston, TX 77002
(832) 239-3939
(832) 239-3600 Fax
*Counsel for Experian Information Solutions, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that on or about February 1, 2023, and on February 22, 2023, counsel for Defendants made efforts to confer with Plaintiff Sean Owens regarding the relief requested in this Motion, as demonstrated in the attached <u>Exhibit D</u>.  Defendants did not receive a response from Mr. Owens regarding the relief requested.

/s/ *Mark A. Platt*
Mark A. Platt

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff and all parties of record via the CM/ECF system, and by first-class mail to the *pro se* plaintiff on February 23, 2023, as follows:

Sean Owens
6009 W. Parker Rd., No. 299
Plano, TX 75093
(469) 522-3371
**Pro se Plaintiff**

Sean Owens
1055 West 7th Street, 33rd Floor
Los Angeles, California 90017
(323) 412-8516
**Pro se Plaintiff**

/s/ *Mark A. Platt*
**Mark A. Platt**

0008587.0738502   4885-1820-9105v1