IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SEAN OWENS,<br><br>　　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS INC., *et al.*,<br><br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§ 　　Civil Action No. 4:23-cv-79-SDJ-KPJ<br>§<br>§<br>§<br>§<br>§ |

**OPINION AND ORDER**

Pending before the Court are Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Educational Credit Management Corporation's ("ECMC", and together, "Defendants") Joint Motion to Stay Action Pending Final Judgment in the Prior Related Action (the "Motion to Stay") (Dkt. 37); Joint Motion for Protection or Alternatively, Motion to Quash (the "Motion for Protective Order") (Dkt. 40); and Notice of Related Proceeding and Joint Motion Requesting Status Conference (the "Motion for Status Conference") (Dkt. 41). For the reasons that follow, the Court finds the Motion to Stay (Dkt. 37) and Motion for Protective Order (Dkt. 40) are **GRANTED IN PART**, and the Motion for Status Conference (Dkt. 41) is **DENIED WITHOUT PREJUDICE**.

## I.　BACKGROUND

### A. First-Filed Action and Second-Filed Action

On September 2, 2020, Plaintiff Sean Owens ("Plaintiff"), proceeding *pro se*, filed a complaint against TransUnion, LLC ("TransUnion"), Equifax, Experian, Navient Solutions, LLC ("Navient"), Michigan Guaranty Agency ("MGA"), and ECMC in *Sean Owens v. TransUnion, LLC et al.*, 4:20-cv-665-SDJ-KPJ, (E.D. Tex. Sept. 2, 2020) (the "First-Filed Action"), which was

1

referred to the undersigned. *See* First-Filed Action, Dkts. 1, 2. On May 17, 2022, the Court ordered that discovery be stayed pending resolution of: Navient's Motion to Dismiss Plaintiff's Fourth Amended Complaint or Strike Impermissible Claims (First-Filed Action, Dkt. 123); ECMC's Motion to Dismiss Plaintiff's Fourth Amended Complaint, or, in the alternative, Motion to Strike (First-Filed Action, Dkt. 126); and Plaintiff's Motion to Strike Defendant Educational Credit Management Corporation's Motion to Dismiss (First-Filed Action, Dkt. 154). *See* First-Filed Action, Dkt. 163. On September 9, 2022, the Court entered an Order and Report and Recommendation recommending the motions to dismiss be granted in part and denied in part. *See* First-Filed Action, Dkt. 193. The U.S. District Court Judge has not yet entered a decision on the Order and Report and Recommendation (First-Filed Action, Dkt. 193); hence, the Court's stay of discovery remains in effect.

Approximately four months after he filed the First-Filed Action, on January 20, 2021, Plaintiff filed a state court lawsuit in the County Court at Law 2, Denton County, Texas against Experian, Equifax, Navient, ECMC, MGA, and TransUnion alleging violations of the Fair Credit Reporting Act ("FCRA") and various Texas state laws, which was later removed to this Court as *Sean Owens v. Trans Union, LLC et al.*, 4:21-cv-142-SDJ-KPJ, (E.D. Tex. Feb. 18, 2021) ("Second-Filed Action") and referred to the undersigned. *See* Second-Filed Action, Dkt. 1; Minute Entry for February 18, 2021. On December 13, 2021, the Court ordered the Clerk of Court to consolidate the Second-Filed Action with the First-Filed Action. *See* First-Filed Action, Dkt. 118.

**B. Third-Filed Action**

On August 29, 2022, Plaintiff, proceeding *pro se*, filed a complaint against Defendants in the U.S. District Court for the Central District of California. *See* Dkt. 1. On September 26, 2022, Plaintiff filed an amended complaint against Defendants asserting violations of the FCRA,

violations of the Fair Debt Collection Practices Act ("FDCPA"), fraud, and violations of the Telephone Consumer Protection Act ("TCPA"). *See* Dkt. 12.

On October 18, 2022, Defendants filed a Joint Motion to Dismiss Plaintiff's First Amended Civil Action Complaint or in the Alternative, Motion to Stay (the "Motion to Dismiss") (Dkt. 19) requesting the Central District of California dismiss the action or in the alternative stay the action pending resolution of the First-Filed Action. *See generally* Dkt. 19. Plaintiff filed a response (Dkts. 25, 26), and Defendants filed a reply (Dkt. 27). On January 27, 2023, the Central District of California granted the Motion to Dismiss (Dkt. 19) and ordered this action be transferred to this Court. *See* Dkt. 32 at 6–7.

On January 31, 2023, the Third-Filed Action was transferred to this Court and referred to the undersigned. *See* Dkts. 33, 34. On February 10, 2023, Defendants filed the Motion to Stay (Dkt. 37), wherein Defendants request this action be stayed pending the final resolution of the First-Filed Action. *See* Dkt. 37 at 5. Defendants argue Plaintiff would not be prejudiced by a stay because Plaintiff "has already spent over two years pursuing litigation of [the First-Filed Action] and can continue to seek any relief he is entitled to upon final judgment in that proceeding." *Id.* Defendants further argue allowing Plaintiff to litigate duplicative claims in both actions would impose significant undue hardship and that a stay is in in the interest of judicial economy. *See id.* Defendants further request the Court sanction Plaintiff by "enjoining Plaintiff from filing or appearing in any civil action, without representation by a licensed attorney, or in the alternative, requiring leave of court prior to filing further *pro se* suits in the district and any other relief the Court deems proper." *Id.* at 7.

On February 24, 2023, Plaintiff filed a response (Dkt. 42) wherein he asserts that "Plaintiff's concession that the [First-Filed Action] and [this action] are duplicative . . . is limited,

3

in part, to the extent that the parties to both the actions are the same, and the causes of action and allegations are the same." *Id.* at 5. Plaintiff further asserts, "Plaintiff in no way concedes that the [First-Filed Action] and [this action] are duplicative in the nature and narrative the [D]efendants pose as to mean [this action] was 'improperly' filed and 'patently unnecessary.'" *Id.* Plaintiff asserts he has a Seventh Amendment right to file suit and "it is axiomatic as to why [Defendants] have to defend against two similar cases – they broke the law twice." *Id.* Plaintiff then argues Defendants "have collectively filed seven (7) motions between the [First-Filed Action] and [this action]" as "a means of sabotaging Plaintiff's cases to their benefit." *Id.* at 6. Plaintiff also asserts "Plaintiff's Fourth Amended Complaint (FAC) in his [First-Filed Action] is nearly identical to his First Amended Complaint (FAC) in [this action]. Not much, materially, changed between the two drafts." *Id.* at 9. Plaintiff argues a stay will prejudice him, denying a stay would not impose undue hardship on Defendants, and a stay is not in the interest of judicial economy. *See id.* at 7–13. Plaintiff argues the Court should not sanction him and "[s]uch unrelenting and unwarranted conclusions are infringements of Plaintiff's rights as a free citizen of these United States and are tantamount to the psyche of a slave owner . . . ." *Id.* at 15.

On February 23, 2023, Defendants filed the Motion for Protective Order (Dkt. 40). In the Motion for Protective Order (Dkt. 40), Defendants argue:

> (1) Plaintiff's discovery is unreasonably cumulative and/or duplicative to discovery previously propounded by Plaintiff and thus, can be obtained from a more convenient, less burdensome, and less expensive source—*i.e.*, the Texas action, and
>
> (2) permitting the discovery sought by Plaintiff would circumvent the Magistrate Judge's ruling granting a stay of discovery in the Texas action, causing undue burden and expense on the parties and contravening the scope and spirit of discovery under the Federal Rules of Civil Procedure.

*Id.* at 3. Defendants specifically argue that "[b]oth sets of requests seek information and documentation related to sixteen (16) student loans taken out by Plaintiff and allegedly mishandled

4

and misreported by Defendants." *Id.* at 4. *Id.* at 6. Defendants request the Court enter a protective order finding the discovery sought is unreasonably cumulative or duplicative. Further, Defendants argue that "the discovery sought should be limited to only discovery requests that do not duplicate any discovery previously served on Defendants in the [First-Filed action]," and that Defendants' attorney fees and costs incurred in the filing of the Motion for Protective Order (Dkt. 40) should be assessed against Plaintiff. *Id.* at 7.

Plaintiff filed a response (Dkt. 45) arguing Defendants have failed to meet their burden for a protective order and are "pursuing a blanket protective order." *Id.* at 3. Plaintiff argues Defendants failed to meet and confer with Plaintiff, Defendants' arguments as to cumulative and duplicative discovery are unavailing, Defendants have violated the Local Rules and Federal Rules of Civil Procedure, Defendants should not be granted an award of costs, and Plaintiff should be granted an award of costs. *See generally id.* Defendants filed a reply (Dkt. 46) arguing Defendants did in fact meet and confer with Plaintiff even though they were not required to do so, engaging in any new discovery in this action is inappropriate, and Defendants should not be sanctioned. *See generally id*. Plaintiff filed a sur-reply (Dkt. 47) arguing Defendants arguments are frivolous, repetitive, and baseless. *See generally id.*

On February 23, 2023, Defendants filed the Motion for Status Conference (Dkt. 41) requesting the Court hold a status conference as to the present action. *See id.* at 2. Plaintiff did not file a response.

## II.   LEGAL STANDARD

### A. Stays of Proceedings and Protective Orders

The Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400,

402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "The party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [it] prays will work damage to some one else.'" *ZeniMax Media Inc. v. Samsung Elecs. Co.*, No. 3:17-CV-1288-D, 2017 WL 4805524, at *2 (N.D. Tex. Oct. 25, 2017) (quoting *Landis*, 299 U.S. at 255).

Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense," such as granting a stay of discovery. FED. R. CIV. P. 26(c)(1); *see also Landry v. Air Line Pilots Association International AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990), *opinion modified on denial of reh'g* (Apr. 27, 1990). Good cause may exist when "resolving a motion to dismiss might reduce or preclude the need for discovery or when 'further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.'" *James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cnty.*, No. 1:20-cv-191, 2020 WL 4365595, at *1 (E.D. Tex. July 29, 2020) (quoting *Fujita*, 416 F. App'x at 402).

### B. Sanctions under Rule 16(f) and 28 U.S.C. § 1927

Rule 16(f) of the Federal Rules of Civil Procedure sets forth:

(1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

    (A) fails to appear at a scheduling or other pretrial conference;

    (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or

    (C)  fails to obey a scheduling or other pretrial order.

>   (2) *Imposing Fees and Costs.* Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 16(f).

>   Additionally, 28 U.S.C. § 1927 sets forth:
>
>   Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

### III.   ANALYSIS

#### A.  Stay of Proceedings and Protective Order

Defendants request a stay of proceedings in the present case "until the final resolution of the [First-Filed Action]" and argue Plaintiff would not be prejudiced, there would be undue hardship in the present case if it was allowed to proceed, and a stay would be in in the interest of judicial economy. Dkt. 37 at 1. Defendants further argue the discovery in the Third-Filed Action "is cumulative and duplicative" of the discovery in the First-Filed Action and the purposes of the discovery requests appear to "circumvent the [First-Filed Action's] stay of discovery . . . ." Dkt 40 at 4–5. Plaintiff, by his own pleadings, concedes the First-Filed Action and this action are "duplicative" and explains that his concession "is limited, in part, to the extent that the parties to both actions are the same, and the causes of action and allegations are the same." Dkt. 42 at 5. However, Plaintiff argues that he "in no way concedes that the [First-Filed Action] and [this action] are duplicative in the nature and narrative the defendants pose as to mean [this action] was 'improperly' filed and 'patently unnecessary.'" *Id.* Plaintiff avers that he has a Seventh

7

Amendment right to bring suit and asserts that Defendants must defend against two similar cases because "they broke the law twice." *Id.* Plaintiff additionally argues "the fact that the [Central District of California court] did not decide on staying the matter, but, instead, transferred [this action] and entered a Scheduling Order speaks leaps and bounds, and can be considered a rejection of the notion that [this action] should sit idle . . . ." *Id.* at 8. Plaintiff further asserts the First-Filed Action and the present action "are separate cases" and thus discovery is not cumulative. Dkt. 45 at 6.

As a preliminary matter, the Fifth Circuit "adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citing *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)). Thus, this Court is the appropriate forum to decide whether a stay is appropriate. Furthermore, Plaintiff is incorrect in his characterization of the proceedings in the Central District of California—that court entered a scheduling order in December 2022 and *then* transferred this case following a ruling on the Motion to Dismiss (Dkt. 19). Plaintiff is further incorrect that Defendants were required to "meet and confer" with Plaintiff. Local Rule CV-7(i) states in relevant part, "Neither the 'meet and confer' nor the 'certificate of conference' requirements are applicable to *pro se* litigants (prisoner or non-prisoner) . . . ." LOCAL RULE CV-7(i).

Thus, the Court turns to the competing interests: (1) potential prejudice to Plaintiff from a stay; (2) the hardship to Defendants if the stay is denied; and (3) the judicial efficiency in avoiding duplicative litigation if the stay is granted. *See Nguyen v. BP Expl. & Prod., Inc.*, No. CIV.A. H-10-2484, 2010 WL 3169316, at *1 (S.D. Tex. Aug. 9, 2010) (citing *Cajun Offshore Charters v.*

8

*BP Prods. N. Am.*, 2010 WL 2160292, at *1 (E.D. La. May 25, 2010); *Mathis v. Bristol–Myers Squibb Co.*, 2003 WL 1193668, at *1 (E.D. La. Mar. 12, 2003)). Upon balancing the competing interests, the Court finds a stay is warranted.

By Plaintiff's own statements, Plaintiff's claims are not independent of the First-Filed Action and, even if the parties in this action are a slightly smaller subset of Defendants from the First-Filed Action, the cases are clearly duplicative. While a stay of this action would be pending the final resolution of the First-Filed Action, Plaintiff has the forum of the First-Filed Action to litigate his claims that, by his own admission, are related to these claims. Furthermore, the duplicative nature of the discovery and litigation would put both an undue hardship on Defendants, as well as waste judicial resources. Furthermore, there was a stay of discovery in the First-Filed Action (First-Filed Action, Dkt. 111) that Plaintiff cannot avoid by filing another action. Thus, it is clear that a stay of this action pending the resolution of the First-Filed Action is more than appropriate. *See ZeniMax Media Inc.*, 2017 WL 4805524, at *4 ("Although the parties, claims, and precise issues in this case differ in material respects from those in the [first-filed action], the court concludes that judicial resources will be conserved, and duplication of efforts avoided, if the court awaits a final decision from [the first-filed court] (and, if an appeal is taken, the court of appeals), before proceeding in this action." (citing *ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967))); *Nguyen*, 2010 WL 3169316, at *2; *Harris County v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (5th Cir. 1999) ("'As between federal district courts, . . . the general principle is to avoid duplicative litigation.'" (quoting *W. Gulf Maritime Assoc.* 751 F.2d at 728–29)); *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004) ("[T]here is an inherent power in each of those courts, when presented with an appropriate motion, to stay

9

the proceedings before it in deference to the related action." (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))).

Furthermore, as Plaintiff admits that the parties, causes of action, and allegations are the same, *see* Dkt. 42 at 5, it appears the Court could dismiss the present action *sua sponte*. *See Rich Land Seed Co. Inc. v. Memphis Light Gas & Water*, No. 3:21-CV-01865, 2022 WL 943147, at *1 (W.D. La. Mar. 11, 2022), *R. & R. adopted*, 2022 WL 910152 (W.D. La. Mar. 28, 2022); *Davis v. Harrison County*, No. 1:14-CV-286-HSO-RHW, 2015 WL 372421, at *2 (S.D. Miss. Jan. 28, 2015) ("Because [the plaintiff] 'has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against' [the same defendants], this civil action should be dismissed." (citing *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985)))). While the Court does not go so far as to recommend dismissing this action *sua sponte*, the Court finds this factor weighs in favor of a stay pending the resolution of the First-Filed Action. As the Court finds a stay is appropriate on the basis that this litigation is duplicative in the First-Filed Action, it further finds Plaintiff's requests for discovery in this action be quashed and all discovery be stayed pending the final resolution of the First-Filed Action.

### B. Sanctions

Pursuant to 28 U.S.C. § 1927, Defendants "seek costs, expenses, and attorneys' fees against Plaintiff for unreasonably and vexatiously multiplying the proceedings" and additionally request the Court "enjoin Plaintiff from filing any additional cases concerning the same issues and involving the same parties." Dkt. 37 at 7. Defendants additionally request the Court order Plaintiff to pay the costs of the preparation of Defendants' Motion for Protective Order (Dkt. 40) under Rule 16(f) of the Federal Rules of Civil Procedure. *See* Dkt. 40 at 6. Plaintiff responds that 28 U.S.C. § 1927 does not apply to *pro se* litigants. Dkt. 42 at 13. Plaintiff also responds that costs

under Rule 16(f) are not appropriate and Defendants are the ones who should be sanctioned for reasserting that this Court should stay the case after the Central District of California transferred the case to this District. *See* Dkt. 45 at 12–15.

As to Defendants' request for attorney fees under 28 U.S.C. § 1927, it is unclear whether sanctions for monetary damages under § 1927 against *pro se* litigants are permitted. *See Barcroft v. Gibbs*, No. 416CV00562ALMCAN, 2017 WL 1499247, at *5 (E.D. Tex. Apr. 5, 2017), *R. & R. adopted*, No. 4:16-CV-562, 2017 WL 1498532 (E.D. Tex. Apr. 25, 2017) (collecting cases) (explaining that the Fifth Circuit has not yet addressed the issue and that most courts within the Fifth Circuit have found that Section 1927 does not apply to *pro se* litigants). Additionally, the Fifth Circuit has emphasized that such a sanction should be "sparingly applied" and is "imposed against counsel, not parties." *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 207 (5th Cir. 2023) (internal quotations omitted). As such, the Court does not find imposing fees under 28 U.S.C. § 1927 to be appropriate in the present case.

As to Defendants' request to enjoin Plaintiff from further filing, the Court does not find such an order is appropriate *at this time*. The Fifth Circuit has held that district courts have the inherent authority to impose pre-filing injunctions, including for the filing of duplicative lawsuits. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008). "A pre-filing injunction 'must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants.'" *Id.* at 190 (quoting *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986)). Plaintiff has now filed two additional actions related to, and duplicative of, the First-Filed Action. Plaintiff's Second-Filed Action may, in the most positive light, possibly be attributed to Plaintiff's lack of knowledge that federal courts can entertain state law claims that arise out of the common nucleus of operative facts underlying the federal causes of action. The Court cannot

11

attribute such lack of knowledge to the Third-Filed Action, which almost certainly appears to have been filed to avoid a possible adverse ruling in the First-Filed Action. Plaintiff's filing of any further litigation duplicative of the First-Filed Action will almost certainly be found to have not been brought in good faith. *See Baum*, 513 F.3d at 191 ("The district court could consider [the litigant's] conduct in the state court proceedings in determining whether his conduct before the bankruptcy court was undertaken in bad faith or for an improper motive." (citing *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1417–18 (5th Cir. 1994))); *see also Margetis v. Furgeson*, No. 4:12-CV-753, 2015 WL 6688063, at *15 (E.D. Tex. Sept. 29, 2015), *aff'd*, 666 F. App'x. 328 (5th Cir. 2016) ("'Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.'" (quoting *In re Martin–Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984))). While the Court will not recommend enjoining Plaintiff from filing any further actions at this time, Plaintiff is warned against filing further duplicative actions.

As to Defendants' request for sanctions under Rule 16(f), the Court does not grant such costs at this time. Defendants request the Court assess costs against Plaintiff for the filing of the Motion for Protective Order (Dkt. 41), asserting Plaintiff has not complied with the First-Filed Action's discovery order (First-Filed Action, Dkt. 111). *See* Dkt. 40 at 6; First-Filed Action, Dkt. 111. "The purpose of [R]ule 16(f) is to 'encourage forceful judicial management' of litigation, as well as to improve the quality of the trial through more thorough preparation." *PHI, Inc. v. Office & Professional Employees International Union*, No. CIV. 06-1469, 2009 WL 1658040, at *4 (W.D. La. June 11, 2009). As such, "prejudice resulting from a party's noncompliance with the rules need not be shown." *Id.* (citing *John v. Louisiana*, 899 F.2d 1441, 1448 (5th Cir. 1990)). While Defendants assert Plaintiff brought these duplicative discovery requests to circumvent the

stay of discovery in the First-Filed Action, the Court is mindful of Plaintiff's *pro se* status and the possibility Plaintiff is under the misapprehension that such duplicative litigation as conducted in this manner was permissible. But this misapprehension is now dispelled. Any further actions by Plaintiff that appear to be taken in order to avoid the Court's orders as to discovery will almost surely lead to such sanctions. Accordingly, although prejudice need not be shown, the Court finds Rule 16(f) costs assessed against Plaintiff for the filing of the Motion for Protective Order (Dkt. 40) are not warranted at this time.

Additionally, Plaintiff's allegations that Defendants have engaged in vexatious and dilatory motion practice are simply wrong. Defendants won their first-to-file arguments before the Central District of California—while the Central District of California did not dismiss the action, it *granted* Defendants' motion, rejected Plaintiff's arguments, and exercised its discretion to transfer this action. *See* Dkt. 32 at 6 (citing *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991)). Rather than "protest[ing]" a defeat in the Central District of California, Dkt. 45 at 14–15, Defendants are advocating for a stay in this Court. As explained above, the Fifth Circuit has held that the first-filed court is "the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power*, 121 F.3d at 950 (citations omitted). Accordingly, Plaintiff's argument is rejected.

The Court must also address Plaintiff's continued abusive language towards Defendants. The Court has previously warned Plaintiff in the First-Filed Action that hostile language towards opposing counsel is inappropriate and will not be tolerated. *See* First-Filed Action, Dkt. 156 at 30–31. However, Plaintiff's abusive and hyperbolic language has not abated. The Court notes that such conduct will not be tolerated and Plaintiff is forewarned that any further language may result in sanctions or a contempt action by the Court in the near future. *See Texas v. Florance*, No.

4:06CV510, 2008 WL 839736, at *1 (E.D. Tex. Mar. 27, 2008). Such sanctions may include striking of filings for inappropriate and abusive language, as well as monetary sanctions. *See U.S. Steel Corp. v. United Mine Workers of America*, 526 F.2d 377, 377 (5th Cir. 1976) ("By using in their petition for rehearing unprofessional language lacking respect for the Court, counsel for petitioner has invited the Court to strike their petition."); *Hartfield v. Thaler*, 498 F. App'x. 440, 442 (5th Cir. 2012) (per curiam) (same); *see also Florance v. Bush*, No. 3:09-CV-1470-B-BH, 2010 WL 2710665, at *1 (N.D. Tex. June 24, 2010), *R. & R. adopted*, No. 3:09-CV-1470-B-BH, 2010 WL 2710596 (N.D. Tex. July 8, 2010); *Miller v. Grimberg*, No. 3:21-CV-03003-G-BT, 2023 WL 2825969, at *3 (N.D. Tex. Mar. 30, 2023), *R. & R. adopted*, No. 3:21-CV-3003-G-BT, 2023 WL 2842864 (N.D. Tex. Apr. 7, 2023).

Finally, the Court notes that this Opinion and Order does not prejudge or dispose of the motions for sanctions that have been brought in the First-Filed Action. The Court may find sanctions are appropriate in the First-Filed Action, including as to any abusive language or alleged abuses of the judicial process.

### C. Motion for Status Conference

Defendants further request a status conference as to the Motion for Protective Order (Dkt. 40). *See* Dkt. 41. The Court does not find such a status conference necessary at this time. However, if Defendants believe such a status conference is still necessary following the entry of this Opinion and Order, they may reassert such a request. As such, the Court will deny without prejudice the Motion for Status Conference (Dkt. 41).

### IV.   CONCLUSION

For the foregoing reasons, the Court finds the Motion to Stay (Dkt. 37) and Motion for Protective Order (Dkt. 40) are **GRANTED IN PART**. Defendants request for a stay of discovery

and the quashing of Plaintiff's discovery requests in this action are **GRANTED**. Defendants' request for an injunction against Plaintiff's filing without leave of Court or through an attorney is **DENIED**. Defendants' request for attorney fees assessed against Plaintiff under 28 U.S.C. § 1927 (Dkt. 40) is **DENIED**; and Defendants' request for attorney fees assessed against Plaintiff under Rule 16(f) is **DENIED WITHOUT PREJUDICE**. Additionally, the Motion for Status Conference (Dkt. 41) is **DENIED WITHOUT PREJUDICE**.

**IT IS ORDERED** that all deadlines, including scheduling and discovery, are **STAYED** pending the trial and appellate proceedings, if any, of *Sean Owens v. TransUnion, LLC et al.*, 4:20-cv-665-SDJ-KPJ, (E.D. Tex. Sept. 2, 2020) are concluded. The Clerk of Court is directed to not accept any further filings in this matter if and until an Order from the Court indicates otherwise.

**IT IS FURTHER ORDERED** that this action be administratively closed for statistical purposes. The Court will reopen the case on request of a party after determining that a stay is no longer warranted.

**So ORDERED and SIGNED this 5th day of June, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE